In the Matter of Michael McNamara, Respondent, v. Waterfront Commission of New York Harbor, Appellant.— Order, entered July 31, 1959, directing the reinstatement of petitioner's license, unanimously modified, on the law, on the facts, and in the exercise of discretion, to grant leave to the commission again to suspend such license pending final action in the proceeding before it upon the making of a proper determination that the continuance of petitioner's license will be "inimicable to the public peace or safety", and otherwise affirmed, without costs to either party. Under the statute (L. 1953,

ch. 882, Part I, Compact, art. XI, § 4) temporary suspensions by the commission are not limited to conduct of a violent character or that which would create a public disorder in the nature of a breach of the peace. Indeed, there is cogent ground for construing "public peace" to embrace any criminal violation (Bouvier's Law Dictionary [Rawle's 3d rev.] "Peace", "Public Peace"; 70 C. J. S., Peace, pp. 379–380; cf. *Neuendorff* v. *Duryea*, 6 Daly 276, 280). But be that as it may, in exercising its broad power to suspend licenses temporarily the commission is bound to relate the charges against the licensee or his conduct to public safety, public peace or both. This it can do on the information it has when it institutes a proceeding and it should so certify in directing a temporary suspension. Merely to recite the conclusory words of the statute, "public peace or safety", is not enough. In passing, it is noted that there is no sufficient explanation for the delay in prosecuting this appeal or, for that matter, in the determination of the charges against petitioner. Settle order on notice. Concur — Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ.